## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

DAVID AMBROSE, individually and on
behalf of all others similarly situated,

                    Plaintiff,

v.

BOSTON GLOBE MEDIA PARTNERS, LLC,

                    Defendant.

Case No. 1:22-cv-10195-RGS

### AMENDED CLASS ACTION SETTLEMENT AGREEMENT

This Agreement ("Agreement" or "Settlement Agreement") is entered into by and among (i) Plaintiff, David Ambrose ("Plaintiff"); (ii) the Settlement Class (as defined herein); and (iii) Defendant, Boston Globe Media Partners, LLC ("Defendant"). The Settlement Class and Plaintiff are collectively referred to as the "Plaintiffs" unless otherwise noted. The Plaintiff and the Defendant are collectively referred to herein as the "Parties." This Agreement is intended by the Parties to fully, finally and forever resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court.

### RECITALS

A.     This putative class action was filed on February 5, 2022, in the United States District Court for the District of Massachusetts. The material allegations of the complaint center on Defendant's alleged disclosure of its subscribers' personally identifiable information to Facebook without permission in violation of Video Privacy Protection Act, 18 U.S.C. § 2710 *et seq.* (the "VPPA") (ECF No. 1.)

**B.**     In response to the complaint, on April 29, 2022, Defendant filed a motion to dismiss under Rule 12(b)(6), arguing, *inter alia*, that Plaintiff failed to state a claim upon which relief could be granted. (ECF No. 12.).

**C.**      In response to the motion to dismiss, on May 20, 2022, Plaintiff filed a First Amended Complaint as of right pursuant to Rule 15(a)(1)(B). (ECF No. 22).

**D.**     In response to the First Amended Complaint, Defendant filed a motion to dismiss under Rule 12(b)(6), arguing, *inter alia*, that Plaintiff failed to state a claim upon which relief could be granted. (ECF No. 24). Plaintiff filed his opposition brief on July 19, 2022 (ECF No. 28), and Defendant filed its reply brief on August 17, 2022. (ECF No. 29).

**E.**     On September 19, 2022, the Court denied Defendant's motion to dismiss. (ECF No. 31).

**F.**     Defendant thereafter answered Plaintiff's First Amended Complaint on October 12, 2022 by denying the allegations generally and raising nine (9) affirmative defenses. (ECF No. 36.)

**G.**     Thereafter, the Parties engaged in written discovery, which included the exchange of initial disclosures pursuant to Rule 26(a)(1), requests for production and interrogatories, meet-and-confer conferences regarding the same, and the production of documents.

**H.**     From the outset of the case, and including during the pendency of the motion to dismiss, the Parties engaged in direct communications, and as part of their obligations under Fed. R. Civ. P. 26, discussed the prospect of resolution. Those discussions led to an agreement between the Parties to engage in mediation, which the Parties agreed would take place before The Honorable Frank Maas (Ret.) of JAMS New York, who is a former United States Magistrate Judge for the Southern District of New York and a neutral at JAMS New York.  The Parties

stipulated to stay the case pending the mediation and the Court granted that stipulation on January 18, 2023 (ECF No. 39).

**I.**    As part of the mediation, and in order to competently assess their relative negotiating positions, the Parties exchanged informal discovery, including on issues such as the size and scope of the putative class, and certain facts related to the strength of Defendants' defenses. Given that the information exchanged was similar to the information that would have been provided in formal discovery related to the issues of class certification and summary judgment, the Parties had sufficient information to assess the strengths and weaknesses of the claims and defenses.

**J.**    The mediation took place on February 8, 2023. While the Parties engaged in good faith negotiations, which at all times were at arms' length, they failed to reach an agreement that day.  However, because the Parties felt they had made progress, they stipulated to extend the stay to continue their mediation efforts, which the Court granted. (ECF Nos. 41, 43. 45).

**K.**    Over the next several weeks, the Parties engaged in additional rounds of arms' length negotiations facilitated by Judge Maas, and, on March 31, 2023, reached agreement on all material terms of a class action settlement and executed a term sheet.

**L.**    At all times, Defendant has denied and continues to deny any wrongdoing whatsoever and has denied and continues to deny that it committed, or threatened or attempted to commit, any wrongful act or violation of law or duty alleged in the Action. Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Defendant has concluded it is desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement. This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or

wrongdoing on the part of Defendant, or any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

 **M.** Plaintiff believes that the claims asserted in the Action against Defendant have merit and that he would have prevailed at summary judgment and/or trial. Nonetheless, Plaintiff and Class Counsel recognize that Defendant has raised factual and legal defenses that present a risk that Plaintiff may not prevail. Plaintiff and Class Counsel also recognize the expense and delay associated with continued prosecution of the Action against Defendant through class certification, summary judgment, trial, and any subsequent appeals. Plaintiff and Class Counsel have also taken into account the uncertain outcome and risks of litigation, especially in complex class actions, as well as the difficulties inherent in such litigation. Therefore, Plaintiff believes it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice. Based on their evaluation, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

 NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff, the Settlement Class, and each of them, and Defendant, by and through its undersigned counsel that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Agreement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

<u>**AGREEMENT**</u>

**1.     DEFINITIONS.**

As used in this Settlement Agreement, the following terms have the meanings specified below:

**1.1     "Action"** means *Ambrose v. Boston Globe Media Partners LLC*, Case No. 1:22-cv-10195-RGS, pending in the United States District Court for the District of Massachusetts.

**1.2     "Approved Claim"** means a Claim Form submitted by a Settlement Class Member that: (a) is submitted timely and in accordance with the directions on the Claim Form and the provisions of the Settlement Agreement; (b) is fully and truthfully completed by a Settlement Class Member with all of the information requested in the Claim Form; (c) is signed by the Settlement Class Member, physically or electronically; and (d) is approved by the Settlement Administrator pursuant to the provisions of this Agreement.  For the purpose of filing an Approved Claim, no proof of qualification for In Kind Relief shall be required.  However, to receive a *pro rata* cash payment, each claimant must fill out an attestation that they viewed a video on the Boston Globe site using the same browser they use to access their Facebook account, and must provide information sufficient to identify their current or former Facebook page, such as a screenshot showing that they were a Facebook member during the class period or other similar proof

**1.3     "Claim Form"** means the document substantially in the form attached hereto as Exhibit A, as approved by the Court. The Claim Form, to be completed by Settlement Class Members who wish to file a Claim for a payment, shall be available in electronic and paper format in the manner described below.

**1.4     "Claims Deadline"** means the date by which all Claim Forms must be postmarked or received to be considered timely and shall be set as a date no later than forty-five

(45) days after entry of the Final Approval Hearing. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order as well as in the Notice and the Claim Form.

 **1.5** **"Class Counsel"** means Philip L. Fraietta, Joshua D. Arisohn, and Christopher R. Reilly of Bursor & Fisher, P.A.

 **1.6** **"Class Representative"** means the named Plaintiff in this Action, David Ambrose.

 **1.7** **"Court"** means the United States District Court for the District of Massachusetts, the Honorable Richard G. Stearns presiding, or any judge who shall succeed him as the Judge in this Action.

 **1.8** **"Defendant"** means Boston Globe Media Partners LLC.

 **1.9** **"Defendants' Counsel"** means Marc J. Zwillinger and Jeffrey G. Landis of ZwillGen PLLC.

 **1.10** **"Effective Date"** means the date ten (10) days after which all of the events and conditions specified in Paragraph 9.1 have been met and have occurred.

 **1.11** **"Escrow Account"** means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to all Parties at a depository institution insured by the Federal Deposit Insurance Corporation. The Settlement Fund shall be deposited by Defendants into the Escrow Account in accordance with the terms of this Agreement and the money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty -five (45) days or less. The costs of establishing and maintaining the Escrow Account shall be paid from the Settlement Fund.  The Escrow Account shall be maintained by the Settlement Administrator.

**1.12** "**Fee Award**" means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

**1.13** "**Final**" means one business day following the latest of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

**1.14** "**Final Approval Hearing**" means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Settlement Agreement, the Fee Award, and the incentive award to the Class Representative.

**1.15** "**Final Judgment**" means the Final Judgment and Order to be entered by the Court approving the Agreement after the Final Approval Hearing.

**1.16** "**In Kind Relief**" means an extension of any existing digital subscription to the *Boston Globe* of whatever type enjoyed by the claiming Settlement Class Member for a maximum of 7 days past its current expiration date for no additional payment.  The maximum value of In Kind Relief to be distributed shall be one million dollars ($1,000,000.00 USD).

**1.17** "**Notice**" means the notice of this proposed Class Action Settlement Agreement and Final Approval Hearing, which is to be sent to the Settlement Class substantially in the

manner set forth in this Agreement, is consistent with the requirements of Due Process, Rule 23, and is substantially in the form of Exhibits B, C, and D hereto.

**1.18** **"Notice Date"** means the date by which the Notice set forth in Paragraph 4.1 is complete, which shall be no later than thirty (30) days after Preliminary Approval.

**1.19** **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a Person within the Settlement Class must be made, which shall be designated as a date no later than forty-five (45) days after the Notice Date and no sooner than fourteen (14) days after papers supporting the Fee Award are filed with the Court and posted to the settlement website listed in Paragraph 4.1(d), or such other date as ordered by the Court.

**1.20** **"Person"** shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns. "Person" is not intended to include any governmental agencies or governmental actors, including, without limitation, any state Attorney General office.

**1.21** **"Plaintiffs"** means David Ambrose and the Settlement Class Members.

**1.22** **"Preliminary Approval"** means the Court's certification of the Settlement Class for settlement purposes, preliminary approval of this Settlement Agreement, and approval of the form and manner of the Notice.

**1.23** **"Preliminary Approval Order"** means the order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing notice thereof to the Settlement Class, which will be agreed upon by the Parties and submitted to the Court in conjunction with Plaintiffs' motion for preliminary approval of the Agreement.

1.24    **"Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims," as defined below), whether in law or in equity, accrued or un-accrued, direct, individual or representative, of every nature and description whatsoever, whether based on the VPPA or other state, federal, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the alleged disclosure of the Settlement Class Members' personally identifiable information and video viewing behavior to any third party, including all claims that were brought or could have been brought in the Action relating to the disclosure of such information belonging to any and all Releasing Parties. Nothing herein is intended to release any claims any governmental agency or governmental actor has against Defendants.

1.25    **"Released Parties"** means Defendant Boston Globe Media Partners, LLC, as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

1.26    **"Releasing Parties"** means Plaintiffs, those Settlement Class Members who do not timely opt out of the Settlement Class, and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies,

subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

1.27    **"Settlement Administration Expenses"** means the expenses incurred by the Settlement Administrator in providing Notice (including CAFA notice), processing claims, responding to inquiries from members of the Settlement Class, mailing checks for Approved Claims, and related services.

1.28    **"Settlement Administrator"** means Epiq or such other reputable administration company that has been selected by the Parties and approved by the Court to oversee the distribution of Notice, as well as the processing and payment of Approved Claims to the Settlement Class as set forth in this Agreement.

1.29    **"Settlement Benefit"** means the Settlement Fund ($4,000,000.00 USD) plus the In Kind Relief (up to $1,000,000.00 USD), which totals five million dollars ($5,000,000.00 USD).

1.30    **"Settlement Class"** means all persons in the United States who, from February 5, 2020, to and through the Preliminary Approval  date: (1) have or had a Facebook account; (2) also had a digital subscription to the *Boston Globe*, or a home delivery subscription to the *Boston Globe* that includes digital access; and (3) who viewed videos on Boston Globe's website while their Facebook membership was active. Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents,

attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

1.31    **"Settlement Class Member"** means a Person who falls within the definition of the Settlement Class as set forth above and who has not submitted a valid request for exclusion.

1.32    **"Settlement Fund"** means the non-reversionary cash fund that shall be established by or on behalf of Defendant in the total amount of four million dollars ($4,000,000.00 USD) to be deposited into the Escrow Account, according to the schedule set forth herein, plus all interest earned thereon. From the Settlement Fund, the Settlement Administrator shall pay all Approved Claims made by Settlement Class Members, Settlement Administration Expenses, any incentive award to the Class Representative, and any Fee Award to Class Counsel. The Settlement Fund shall be kept in the Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the above-listed payments are made. The Settlement Fund includes all interest that shall accrue on the sums deposited in the Escrow Account. The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings. The Settlement Fund represents the total extent of Defendant's monetary obligations under this Agreement. In no event shall Defendant's total monetary obligation with respect to this Agreement exceed or be less than four million dollars ($4,000,000.00 USD), plus the interest earned on such sum.

1.33    **"Unknown Claims"** means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement. Upon the

Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived

and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of

§ 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
> CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER
> FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF
> KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS
> OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have,

waived any and all provisions, rights and benefits conferred by any law of any state or territory

of the United States, or principle of common law, or the law of any jurisdiction outside of the

United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code.

The Releasing Parties acknowledge that they may discover facts in addition to or different from

those that they now know or believe to be true with respect to the subject matter of this release,

but that it is their intention to finally and forever settle and release the Released Claims,

notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

**2.      SETTLEMENT RELIEF.**

**2.1      Payments to Settlement Class Members.**

**(a)**      Defendants shall pay or cause to be paid into the Escrow Account the

amount of the Settlement Fund ($4,000,000.00 USD), as specified in Paragraph 1.32 of this

Agreement, within twenty-eight (28) days after Preliminary Approval.

**(b)**      Settlement Class Members shall have until the Claims Deadline to submit

an Approved Claim.  Each Settlement Class Member with an Approved Claim shall be entitled

to:

> **a.**  In Kind Relief to extend any existing digital subscription to the
>
> *Boston Globe* of whatever type enjoyed by the Approved Claimant

for a maximum of 7 days past its current expiration date for no
additional payment.

    **b.**  For those that satisfy the criteria for the cash payment portion set out
in the definition of Approved Claim, a *pro rata* portion of the
Settlement Fund by check after deducting the Settlement
Administration Expenses, any Fee Award, and any incentive award.

    **(c)**    The Settlement Administrator shall pay from the Settlement Fund all
Approved Claims by check with said checks being sent via first class U.S. mail to the Settlement
Class Members who submitted such Approved Claims. Payments to all Settlement Class
Members with Approved Claims shall be made within ninety (90) days after the Effective Date.

    **(d)**    The In Kind Relief shall be available to all claiming Settlement Class
Members within ninety (90) days after the Effective Date.  Within seven (7) days of the In Kind
Relief becoming available, Defendant will send or cause to be sent by the Settlement
Administrator email notice to all claiming Settlement Class Members advising as to the
availability of the In Kind Relief and instructions for accessing the same.  No payment or billing
information, or proof of Facebook usage, will be required for a Settlement Class Member to use
the In Kind Relief.  The In Kind Relief will not expire.

    **(e)**    All cash payments issued to Settlement Class Members via check will
state on the face of the check that it will expire and become null and void unless cashed within
one hundred and eighty (180) days after the date of issuance.  To the extent that any checks
issued to a Settlement Class Member are not cashed within one-hundred eighty (180) days after
the date of issuance, such uncashed check funds shall be redistributed on a *pro rata* basis (after
first deducting any necessary settlement administration expenses from such uncashed check
funds) to all Settlement Class Members who cashed checks during the initial distribution, but

13

only to the extent each Settlement Class Member would receive at least $5.00 in any such secondary distribution and if otherwise feasible.  To the extent each Settlement Class Member would receive less than $5.00 in any such secondary distribution or if a secondary distribution would be otherwise infeasible, any uncashed check funds shall revert to a non-sectarian, not-for-profit organization, agreed upon by counsel for the class and Boston Globe Media Partners and approved by the Court.

> **(f)** Upon payment of the Settlement Fund into the Escrow Account, all risk of loss with respect to the cash portion of the Settlement shall pass to the Escrow Account, and any and all remaining interest or right of Defendant in or to the Escrow Account, if any, shall be extinguished.

> **2.2** **Prospective Relief**.  Within 45 days of the Preliminary Approval Order, Defendant will suspend operation of the Facebook Tracking Pixel on any pages on its website that both include video content and have a URL that substantially identifies the video content viewed, unless and until the VPPA is amended, repealed, or otherwise invalidated (including by judicial decision on the use of website pixel technology by the United States Supreme Court, any federal court of appeals, a U.S. federal district court in Massachusetts, or a Massachusetts state court of general jurisdiction), or until Defendant obtains VPPA-compliant consent for the disclosure of the video content viewed to Facebook.  Nothing herein shall prohibit the use of the Facebook Tracking Pixel where the disclosure of information to Facebook does not identify specific video materials that a user has requested or obtained.

## 3.   RELEASE.

> **3.1** The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

**3.2**     Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, shall, either directly, indirectly, representatively, or in any capacity, be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as a class member or otherwise) in any lawsuit, action, or other proceeding in any jurisdiction (other than participation in the Settlement as provided herein) against any Released Party based on the Released Claims.

**4.     NOTICE TO THE CLASS.**

**4.1**     The Notice Plan shall consist of the following:

**(a)**     *Settlement Class List*.  No later than fourteen (14) days after Preliminary Approval, Defendant shall produce an electronic list from its records that includes the names, email addresses, and last known U.S. Mail addresses, , to the extent available, belonging to Persons within the Settlement Class.  Class Counsel's assent to this Agreement shall constitute consent on behalf of the Settlement Class to disclose this information, consistent with the written consent provisions of the VPPA.  This electronic document shall be called the "Class List," and shall be provided to the Settlement Administrator with a copy to Class Counsel.  Class Counsel shall not use the Settlement Class List, or any information contained within it, for any other purposes other than administering the settlement, and shall take reasonable measures to protect the information from any third-party disclosure.  Class Counsel may not send advertisements, solicitations, or communications to the Settlement Class to solicit Class members to retain Class Counsel for any other matters or disputes.

**(b)**     *Direct Notice.* In the event that the Court preliminarily approves the Settlement, no later than the Notice Date, the Settlement Administrator shall send Notice via email substantially in the form attached as Exhibit B, along with an electronic link to the Claim Form, to all Settlement Class Members for whom a valid email address is available in the Class List.  In the event transmission of email notice results in any "bounce-backs," the Settlement Administrator shall, where reasonable:  (i) correct any issues that may have caused the "bounce-back" to occur and make a second attempt to re-send the email notice, and (ii) send Notice substantially in the form attached as Exhibit C via First Class U.S. Mail.

**(c)**     *Update Addresses*.  Prior to mailing any Notice, the Settlement Administrator will update the U.S. mail addresses of persons on the Class List using the National Change of Address database and other available resources deemed suitable by the Settlement Administrator.  The Settlement Administrator shall take all reasonable steps to obtain the correct address of any Settlement Class members for whom Notice is returned by the U.S. Postal Service as undeliverable and shall attempt re-mailings.

**(d)**     *Reminder Notice*.  Both thirty (30) days prior to the Claims Deadline and seven (7) days prior to the Claims Deadline, the Settlement Administrator shall again send Notice via email substantially in the form attached as Exhibit B (with minor, non-material modifications to indicate that it is a reminder email rather than an initial notice), along with an electronic link to the Claim Form, to all Settlement Class Members for whom a valid email address is available in the Class List

**(e)**     *Settlement Website.* Within ten (10) days from entry of the Preliminary Approval Order, Notice shall be provided on a website at www.bostonglobevppasettlement.com which shall be administered and maintained by the Settlement Administrator and shall include

the ability to file Claim Forms on-line. The Notice provided on the Settlement Website shall be substantially in the form of Exhibit D hereto.

      **(f)**    *CAFA Notice.*  Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, the Settlement Administrator shall cause to be served upon the Attorneys General of each U.S. State in which Settlement Class members reside, the Attorney General of the United States, and other required government officials, notice of the proposed settlement as required by law.

      **(g)**    *Contact from Class Counsel.*  Class Counsel, in their capacity as counsel to Settlement Class Members, may from time to time contact Settlement Class Members to provide information about the Settlement Agreement and to answer any questions Settlement Class Members may have about the Settlement Agreement.

    **4.2**    The Notice shall advise the Settlement Class of their rights, including the right to be excluded from, comment upon, and/or object to the Settlement Agreement or any of its terms. The Notice shall specify that any objection to the Settlement Agreement, and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the Person making the objection files notice of an intention to do so and at the same time (a) files copies of such papers he or she proposes to be submitted at the Final Approval Hearing with the Clerk of the Court, or alternatively, if the objection is from a Class Member represented by counsel, files any objection through the Court's CM/ECF system, and (b) sends copies of such papers by mail, hand, or overnight delivery service to Class Counsel and Defendant's Counsel.

    **4.3**    Any Settlement Class Member who intends to object to this Agreement must present the objection in writing, which must be personally signed by the objector, and must

include: (1) the objector's name and address; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member, including information sufficient to identify her current Facebook page or a screenshot showing that she was a Facebook member during the class period; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules).

      **4.4**    If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received.  Any challenge to the Settlement Agreement, the Final Order, or the Final Judgment shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

      **4.5**    A Settlement Class Member may request to be excluded from the Settlement Class by sending a written request postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice. To exercise the right to be excluded, a Person in the Settlement Class must timely send a written request for exclusion to the Settlement Administrator as specified in the Notice, providing his/her name and address, a signature, the name and number of the case, and a statement that he or she wishes to be excluded from the Settlement Class for purposes of this Settlement. A request to be excluded that does not include

all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Person(s) serving such a request shall be a member(s) of the Settlement Class and shall be bound as a Settlement Class Member by this Agreement, if approved. Any member of the Settlement Class who validly elects to be excluded from this Agreement shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. The request for exclusion must be personally signed by the Person requesting exclusion. So-called "mass" or "class" opt-outs shall not be allowed. To be valid, a request for exclusion must be postmarked or received by the date specified in the Notice.

   **4.6**     The Final Approval Hearing shall be no earlier than ninety (90) days after the Notice described in Paragraph 4.1(e) is provided.

   **4.7**     Any Settlement Class Member who does not, using the procedures set forth in this Agreement and the Notice, either seek exclusion from the Settlement Class or timely file a valid Claim Form shall not be entitled to receive any payment or benefits pursuant to this Agreement, but will otherwise be bound by all of the terms of this Agreement, including the terms of the Final Judgment to be entered in the Action and the Releases provided for in the Agreement, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

**5.     SETTLEMENT ADMINISTRATION.**

   **5.1**     The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator

shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Defendants Counsel with information concerning Notice, administration, and implementation of the Settlement Agreement. Should the Court request, the Parties shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to Settlement Class Members on account of Approved Claims. Without limiting the foregoing, the Settlement Administrator shall:

(a)     Forward to Defendant's Counsel, with copies to Class Counsel, all original documents and other materials received in connection with the administration of the Settlement, and all copies thereof, within thirty (30) days after the date on which all Claim Forms have been finally approved or disallowed in accordance with the terms of this Agreement;

(b)     Receive requests to be excluded from the Settlement Class and other requests and promptly provide to Class Counsel and Defendant's Counsel copies thereof. If the Settlement Administrator receives any exclusion forms or other requests after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel;

(c)     Provide weekly reports to Class Counsel and Defendant's Counsel, including without limitation, reports regarding the number of Claim Forms received, the number approved by the Settlement Administrator, and the categorization and description of Claim Forms rejected, in whole or in part, by the Settlement Administrator; and

(d)     Make available for inspection by Class Counsel or Defendants Counsel the Claim Forms received by the Settlement Administrator at any time upon reasonable notice.

**5.2**     The Settlement Administrator shall be obliged to employ reasonable procedures to screen claims for abuse or fraud and deny Claim Forms where there is evidence of abuse or fraud.   The Settlement Administrator will reject any claim that does not comply in any material respect with the instructions on the Claim Form or the terms of Paragraphs 1.2 and/or 1.3, above, or is submitted after the Claims Deadline.  Each claimant who submits an invalid Claim Form to the Settlement Administrator must be given a notice of the Claim Form's deficiency and an opportunity to cure the deficiency within twenty-one (21) days of the date of the notice.  The Settlement Administrator may contact any Person who has submitted a Claim Form to obtain additional information necessary to verify the Claim Form.

**5.3**     Defendant's Counsel and Class Counsel shall have the right to challenge the acceptance or rejection of a Claim Form submitted by Settlement Class Members and to obtain and review supporting documentation relating to such Claim Form. The Settlement Administrator shall follow any agreed decisions of Class Counsel and Defendant's Counsel as to the validity of any disputed submitted Claim Form. To the extent Class Counsel and Defendant's Counsel are not able to agree on the disposition of a challenge, the disputed claim shall be submitted to The Honorable Frank Maas of JAMS for binding determination.

**5.4**     In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

**6.     TERMINATION OF SETTLEMENT.**

**6.1**     Subject to Paragraphs 9.1-9.3 below, Defendant or the Class Representative on behalf of the Settlement Class, shall have the right to terminate this Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties hereto within twenty-one (21) days of any of the following events: (i) the Court's refusal to grant Preliminary

Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which an Alternative Judgment, as defined in Paragraph 9.1(d) of this Agreement is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

6.2     Subject to Paragraphs 9.1-9.3 below, Defendant shall have the right, but not the obligation, in its sole discretion, to terminate this Agreement by providing written notice to Class Counsel within twenty-five (25) days of the following events:  (i) individuals comprising more than three percent (3%) of the Settlement Class in total have timely and validly opted out of and/or objected to the Agreement; or (ii) the Class Representative and his agents, or any other individuals operating at his direction or in coordination with him, or Class Counsel, file or threaten to file any arbitrations or additional lawsuits against Defendant related to the Released Claims at any time prior to Final Approval.

6.3     If Defendant seeks to terminate the Agreement  on the basis of 6.2 above, the Parties agree that any dispute as to whether Defendant may invoke section 6.2 to terminate the Agreement that they cannot resolve on their own after reasonable, good faith efforts, will be submitted to the Honorable Frank Maas of JAMS for binding determination.

6.4     The Parties agree that the Court's failure to approve, in whole or in part, the attorneys' fees payment to Class Counsel and/or the incentive award set forth in Paragraph 8 below shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination. The procedures for any application for approval of attorneys' fees, expenses, or

Incentive Awards are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement.

## 7.  PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER.

**7.1**  Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement; certification of the Settlement Class for settlement purposes only; appointment of Class Counsel and the Class Representative; and entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date and approve the Notice and Claim Form for dissemination substantially in the form of Exhibits A, B, C, and D hereto. The Preliminary Approval Order shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) so long as they are consistent in all material respects with the terms of the Settlement Agreement and do not limit or impair the rights of the Settlement Class.

**7.2**  Defendant's agreement as to certification of the Settlement Class is solely for purposes of effectuating the Settlement and no other purpose.  Defendant retains all of its objections, arguments, and defenses with respect to class certification and any other issue, and reserves all rights to contest class certification and any other issue if the Settlement set out in this Agreement does not result in entry of the Final Approval Order and Final Judgment, if the Court's approval is reversed or vacated on appeal, if this Settlement is terminated as provided herein, or if the Settlement set forth in this Settlement otherwise fails to become effective.  The Parties acknowledges that there has been no stipulation to any classes or certification of any classes for any purpose other than effectuating the Settlement, and that if the Settlement set forth

in this Settlement Agreement is not finally approved, if the Court's approval is reversed or vacated on appeal, if this Settlement Agreement is terminated as provided herein, or if the Settlement set forth in this Settlement Agreement otherwise fails to become effective, this agreement as to certification of the Settlement Class becomes null and void ab initio, and this Settlement Agreement or any other settlement-related statement may not be cited regarding certification of the Class, or in support of an argument for certifying any class for any purpose related to this Action or any other proceeding.

7.3  At the time of the submission of this Agreement to the Court as described above, Class Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the settlement of the Action as set forth herein.

**7.4**     After Notice is given, the Parties shall request and seek to obtain from the Court a Final Judgment, which will (among other things):

**(a)**     find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto;

**(b)**     approve the Settlement Agreement and the proposed settlement as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and Releasing Parties;

**(c)**     find that the Notice implemented pursuant to the Agreement (1) constitutes the best practicable notice under the circumstances; (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency

of the Action, their right to object to or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing; (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

   **(d)**  find that the Class Representatives and Class Counsel adequately represent the Settlement Class for purposes of entering into and implementing the Agreement;

   **(e)**  dismiss the Action (including all individual claims and Settlement Class Claims presented thereby) on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement;

   **(f)**  incorporate the Release set forth above, make the Release effective as of the date of the Effective Date, and forever discharge the Released Parties as set forth herein;

   **(g)**  permanently bar and enjoin all Settlement Class Members who have not been properly excluded from the respective Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims;

   **(h)**  without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

   **(i)**  incorporate any other provisions, as the Court deems necessary and just.

## 8. CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; INCENTIVE AWARD.

  **8.1**  Pursuant to Fed. R. Civ. P. 23(h), Defendant agrees that Class Counsel shall be entitled to an award of reasonable attorneys' fees and costs out of the Settlement Fund in an

amount determined by the Court as the Fee Award.  With no consideration given or received, Class Counsel will limit its petition for attorneys' fees, costs, and expenses to no more than one-third of the Settlement Benefit (i.e., $1,666,666.67).  Payment of the Fee Award shall be made from the Settlement Fund and should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund for distribution to eligible Settlement Class Members.

      **8.2**     The Fee Award shall be payable within ten (10) days after entry of the Court's Final Judgment, subject to Class Counsel executing the Undertaking Regarding Attorneys' Fees and Costs (the "Undertaking") attached hereto as Exhibit E, and providing all payment routing information and tax I.D. numbers for Class Counsel. Payment of the Fee Award shall be made by wire transfer to Bursor & Fisher, P.A. in accordance with wire instructions to be provided to the Settlement Administrator by Bursor & Fisher, P.A., and completion of necessary forms, including but not limited to W-9 forms. Notwithstanding the foregoing, if for any reason the Final Judgment is reversed or rendered void as a result of an appeal(s) then Class Counsel shall return such funds to the Settlement Fund.  Additionally, should any parties to the Undertaking dissolve, merge, declare bankruptcy, become insolvent, or cease to exist prior to the final payment to Settlement Class Members, those parties shall execute a new undertaking guaranteeing repayment of funds within fourteen (14) days of such an occurrence.

      **8.3**     Class Counsel intends to file a motion for Court approval of an incentive award for the Class Representative, to be paid from the Settlement Fund, in addition to any funds the Class Representative stands to otherwise receive from the Settlement.  With no consideration having been given or received for this limitation, the Class Representative will seek no more than $5,000 as an incentive award.  Should the Court award less than this amount, the difference in

the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund for distribution to eligible Settlement Class Members.  Such award shall be paid from the Settlement Fund (in the form of a check to the Class Representative that is sent care of Class Counsel), within thirty (30) days after the Effective Date.

## 9.    CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.

9.1    The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

(a)    The Parties and their counsel have executed this Agreement;

(b)    The Court has entered the Preliminary Approval Order;

(c)    The Court has entered an order finally approving the Agreement, following Notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment consistent with this Agreement in all material respects; and

(d)    The Final Judgment has become Final, as defined above, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and that has the consent of the Parties, such Alternative Judgment becomes Final.

9.2    If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 6.1 unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Agreement. If any Party is in material breach of the terms hereof, and fails to cure such material breach within

30 days of notice, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all of the Settling Parties.

**9.3**      If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1 and 9.1-9.2 above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into.

## 10.     MISCELLANEOUS PROVISIONS.

**10.1**      The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement, to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement, to secure final approval, and to defend the Final Judgment through any and all appeals. Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking Court approval of the Settlement Agreement, entry of the Preliminary Approval Order, and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

**10.2**      The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff, the Settlement Class and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiff or defended by Defendant, or each or any of them, in bad faith or on a frivolous basis.

**10.3**    The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully the above and foregoing agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

**10.4**    Whether or not the Effective Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement:

    **(a)**    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

    **(b)**    is, may be deemed, or shall be used, offered or received against Defendant, as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

    **(c)**    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be

necessary to effectuate the provisions of this Agreement. Further, if this Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

      **(d)**    is, may be deemed, or shall be construed against Plaintiff, the Settlement Class, the Releasing Parties, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

      **(e)**    is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiff, the Settlement Class, the Releasing Parties, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiff's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

**10.5**    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

**10.6**    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

**10.7**    All of the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

**10.8**    This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations,

agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

**10.9**    Except as otherwise provided herein, each Party shall bear its own costs.

**10.10**    Plaintiff represents and warrants that he has not assigned any claim or right or interest therein as against the Released Parties to any other Person or Party and that he is fully entitled to release the same.

**10.11**    Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms. Class Counsel in particular warrants that they are authorized to execute this Settlement Agreement on behalf of Plaintiffs and the Settlement Class (subject to final approval by the Court after notice to all Settlement Class Members), and that all actions necessary for the execution of this Settlement Agreement have been taken.

**10.12**    This Agreement may be executed in one or more counterparts. Signature by digital means, facsimile, or in PDF format will constitute sufficient execution of this Agreement. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

**10.13**    This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

**10.14**    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

**10.15**    This Settlement Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts.

**10.16**    This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties. Because all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

**10.17**    Where this Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel: Philip L. Fraietta, Bursor & Fisher, P.A., 1330 Avenue of the Americas, 32nd Floor, New York, NY 10019; Marc Zwillinger, ZwillGen PLLC, 1900 M Street NW, Suite 250, Washington, D.C. 20036.

**10.18**    Plaintiff and/or Class Counsel shall not, at any time, issue press releases or make other public statements regarding the Settlement or the Action (apart from filings with the Court as necessary to obtain Preliminary or Final Approval of the Settlement) unless Defendant agrees to such press releases or public statements in advance; provided that Class Counsel may post Court orders regarding the Action and brief summaries of those orders on their website(s) without permission from Defendant, so long as any reference in such order(s) to materials subject to any confidentiality obligations are properly redacted. This provision shall not prohibit

Class Counsel from communicating with any person in the Settlement Class regarding the

Settlement (subject to compliance with any and all applicable confidentiality obligations).

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: May 24, 2023 _____

DAVID AMBROSE

*David Ambrose*

By: David Ambrose (May 24, 2023 08:27 PDT) _____

David Ambrose, individually and as representative
of the Class

Dated: May 24, 2023 _____

BOSTON GLOBE MEDIA PARTNERS, LLC

By: _____

Name: Dan Krockmalnic _____

Title: EVP, New Media & General Counsel _____

**IT IS SO STIPULATED BY COUNSEL:**

Dated: May 24, 2023 _____

BURSOR & FISHER, P.A.

By: _____

Philip L. Fraietta
pfraietta@bursor.com
Joshua D. Arisohn
jarisohn@bursor.com
BURSOR & FISHER, P.A.
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel: 646.837.7150
Fax: 212.989.9163

Christopher R. Reilly
creilly@bursor.com
BURSOR & FISHER, P.A.
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Tel: 305.330.5512
Fax: 305.679.9006

*Class Counsel*

Dated: <u>May 24, 2023</u>

**ZWILLGEN PLLC**

By: _____

Marc J. Zwillinger
marc@zwillgen.com
Jeff Landis
jeff@zwillgen.com
ZWILLGEN, PLLC
1900 M St. SW
Suite 250
Washington, DC 20036
Tel: 202.296.3585
Fax: 202.706-5298

*Attorneys for Defendant*

**EXHIBIT A**

**Ambrose v. Boston Globe Media Partners LLC**

In the United States District Court for the District of Massachusetts

Case No. 22-10810-RGS

## Settlement Claim Form

---

**If you are a Settlement Class Member and wish to receive a payment, your completed Claim Form must be postmarked on or before [＿＿＿＿＿], or submitted online on or before [＿＿＿＿＿].**

---

Please read the full notice of this settlement (available at [**hyperlink**]) carefully before filling out this Claim Form.

To be eligible to receive any benefits from the settlement obtained in this class action lawsuit, you must submit this completed Claim Form online or by mail:

**ONLINE:**   Submit this Claim Form.

**MAIL**:     [**ADDRESS**]

---

### PART ONE:  CLAIMANT INFORMATION

Provide your name and contact information below. It is your responsibility to notify the Settlement Administrator of any changes to your contact information after the submission of your Claim Form.

| | |
|---|---|
| **FIRST NAME** | **LAST NAME** |

**STREET ADDRESS**

| | | |
|---|---|---|
| **CITY** | **STATE** | **ZIP CODE** |

**EMAIL ADDRESS**

---

### PART TWO:  SUBSCRIPTION INFORMATION

---

To qualify for a seven-day extension of your digital *Boston Globe* subscription, you must you must have as of [Preliminary Approval Date], had either a digital subscription to the *Boston Globe*, or a home delivery subscription to the *Boston Globe* that includes digital access and viewed videos on Boston Globe's website.

To qualify for a cash payment in addition to the seven-day extension you **must also** provide proof of your Facebook account, by completing the "Proof of Facebook Account" portion of this Claim Form.

**PROOF OF FACEBOOK ACCOUNT:** You may submit proof of your Facebook account by providing your Facebook Profile URL or by uploading a screenshot of your Facebook Profile [here].

To provide your Facebook Profile URL:
1. Open Facebook in a web browser and log in.

QUESTIONS? VISIT [hyperlink] OR CALL [NUMBER] TOLL-FREE

2. Navigate to your Facebook Profile.
3. Once on your Facebook Profile, look at the URL in your browser's address bar.
4. Write your Facebook Profile URL here:  https://facebook.com/ [_____]

To upload a screenshot of your Facebook Profile:
1. Open Facebook in a web browser and log in.
2. Navigate to your Facebook Profile.
3. Take a screenshot of your Facebook Profile.
4. Upload the screenshot [here].

**POTENTIAL CASH PAYMENT:** You may be entitled to receive a cash payment, which Class Counsel estimates will be between $22-44.  You are only entitled to the cash payment if you **submit proof of Facebook account**, such as your Facebook Profile URL or a screenshot of your Facebook Profile.

The cash will be sent in the form of a check, unless otherwise indicated.  If you would like payment in a different form, please select from the options below:

Check          [ ]

Venmo          [ ]    Venmo Username: _____

PayPal         [ ]    PayPal Email: _____

---

**PART THREE: ATTESTATION UNDER PENALTY OF PERJURY**

---

I declare under penalty of perjury under the laws of the United States of America that I viewed a video on the *Boston Globe* site while using the same browser I used to access my Facebook account between February 5, 2020 through [**Preliminary Approval Date**], and that all of the information on this Claim Form is true and correct to the best of my knowledge.  I also declare under penalty of perjury that the Facebook account identified in this form belongs to me and no one else.  I understand that my Claim Form may be subject to audit, verification, and Court review.

| | |
|---|---|
| **SIGNATURE** | **DATE** |

**Please keep a copy of your Claim Form for your records.**

**EXHIBIT B**

From:   MagazineSettlement@bostonglobevppasettlement.com
To:       JonQClassMember@domain.com
Re:       Legal Notice of Class Action Settlement

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*Ambrose v. Boston Globe Media Partners, LLC*, Case No. 1:22-cv-10195-RGS
**(United States District Court for the District of Massachusetts)**

**Our Records Indicate You Have Subscribed to the *Boston Globe* and May Be Entitled to a Payment From a Class Action Settlement.**

*A court authorized this notice.  You are <u>not</u> being sued.  This is <u>not</u> a solicitation from a lawyer.*

This notice is to inform you that a settlement has been reached in a class action lawsuit claiming that Defendant, Boston Globe Media Partners, LLC, disclosed its subscribers' personally identifiable information ("PII") to Facebook via the Facebook Tracking Pixel without consent in violation of the Video Privacy Protection Act (the "VPPA"). The VPPA defines PII to include information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider. Defendant denies that it violated any law, but has agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

**<u>Am I a Class Member?</u>** Our records indicate you may be a Class Member. Class Members are all persons in the United States who, from February 5, 2020, to and through the [Preliminary Approval Date], have or had a Facebook account, a digital subscription to the *Boston Globe*, or a home delivery subscription to the *Boston Globe* that includes digital access and who viewed videos on Boston Globe's website.

**<u>What Can I Get?</u>** If approved by the Court, Defendant will establish a Settlement Fund of $4,000,000.00 to pay all valid claims submitted by the Settlement Class, together with notice and administration expenses, attorneys' fees and costs, and an incentive award. Defendant will also provide in kind relief of up to $1,000,000.00 (together with the Settlement Fund, the "Settlement Benefit") as an extension of any existing digital subscription to the *Boston Globe* enjoyed by you for a maximum of 7 days past its current expiration date for no additional payment.  If you are entitled to relief, you may submit a claim to receive a *pro rata* share of the Settlement Fund, estimated at $22-44 per class member. You may also submit a claim to receive an extension of your existing digital subscription to the *Boston Globe*.  The Settlement also requires Defendant to suspend operation of the Facebook Tracking Pixel on any pages on its website that both include video content and have a URL that substantially identifies the video content viewed, unless and until the VPPA is amended, repealed, or otherwise invalidated (including by judicial decision on the use of website pixel technology by the United States Supreme Court, any federal court of appeals, a U.S. federal district court in Massachusetts, or a Massachusetts state court of general jurisdiction), or until Defendant obtains VPPA-compliant consent for the disclosure of the video content viewed to Facebook.

**How Do I Get a Payment?** You must submit a timely and complete Claim Form **no later than** [**claims deadline**]. You can file a claim by clicking [here.] Your payment will come by check unless you elect to receive payment electronically by PayPal or Venmo. In kind relief will be provided by email with instruction access.

**What are My Other Options?** You may exclude yourself from the Class by sending a letter to the settlement administrator no later than [**objection/exclusion deadline**]. If you exclude yourself, you cannot get a settlement payment, but you keep any rights you may have to sue the Defendant over the legal issues in the lawsuit. You and/or your lawyer have the right to appear before the Court and/or object to the proposed settlement. Your written objection must be filed no later than [**objection/exclusion deadline**]. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at www.bostonglobevppasettlement.com. If you file a claim or do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims relating to the alleged disclosure of subscriber information to Facebook in this case against the Defendant will be released.

**Who Represents Me?** The Court has appointed lawyers Philip L. Fraietta, Joshua D. Arisohn, and Christopher R. Reilly of Bursor & Fisher, P.A. to represent the class. These attorneys are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at _____.m. on [date] in Courtroom 21 at the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210. At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award the Class Representative $5,000 from the Settlement Fund for his service in helping to bring and settle this case. Defendant has agreed to pay Class Counsel reasonable attorneys' fees in an amount to be determined by the Court. Class Counsel is entitled to seek no more than one-third of the Settlement Benefit, but the Court may award less than this amount.

**How Do I Get More Information?** For more information, including the full Notice, Claim Form and Settlement Agreement go to www.bostonglobevppasettlement.com, contact the settlement administrator at 1-___-___-____ or Boston Globe Privacy Settlement Administrator, [address], or call Class Counsel at 1-646-837-7150.

**EXHIBIT C**

COURT AUTHORIZED NOTICE OF CLASS
ACTION AND PROPOSED SETTLEMENT

Boston Globe Privacy Settlement
Settlement Administrator
P.O. Box 0000
City, ST 00000-0000

# OUR RECORDS INDICATE YOU HAVE SUBSCRIBED TO THE BOSTON GLOBE AND MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.

|||||||||||||||||||||||||

Postal Service: Please do not mark barcode

XXX—«ClaimID»    «MailRec»

«First1» «Last1»
«C/O»
«Addr1»  «Addr2»
«City», «St»  «Zip» «Country»

By Order of the Court Dated: [date]

A settlement has been reached in a class action lawsuit claiming that Defendant, Boston Globe Media Partners, LLC, disclosed its subscribers' personally identifiable information ("PII") to Facebook via the Facebook Tracking Pixel without consent in violation of the Video Privacy Protection Act (the "VPPA"). The VPPA defines PII to include information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider. Defendant denies that it violated any law, but has agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

**Am I a Class Member?** Our records indicate you may be a Class Member. Class Members are all persons in the United States who, from February 5, 2020, to and through the [Preliminary Approval Date], have or had a Facebook account, a digital subscription to the *Boston Globe*, or a home delivery subscription to the *Boston Globe* that includes digital access and who viewed videos on Boston Globe's website.

**What Can I Get?** If approved by the Court, Defendant will establish a Settlement Fund of $4,000,000.00 to pay all valid claims submitted by the Settlement Class, together with notice and administration expenses, attorneys' fees and costs, and an incentive award. Defendant will also provide in kind relief of up to $1,000,000.00 (together with the Settlement Fund, the "Settlement Benefit") as an extension of any existing digital subscription to the *Boston Globe* enjoyed by you for a maximum of 7 days past its current expiration date for no additional payment. If you are entitled to relief, you may submit a claim to receive a *pro rata* share of the Settlement Fund, estimated at $22-44 per class member. You may also submit a claim to receive an extension of your existing digital subscription to the *Boston Globe*. The Settlement also requires Defendant to suspend operation of the Facebook Tracking Pixel on any pages on its website that both include video content and have a URL that substantially identifies the video content viewed, unless and until the VPPA is amended, repealed, or otherwise invalidated (including by judicial decision on the use of website pixel technology by the United States Supreme Court, any federal court of appeals, a U.S. federal district court in Massachusetts, or a Massachusetts state court of general jurisdiction), or until Defendant obtains VPPA-compliant consent for the disclosure of the video content viewed to Facebook.

**How Do I Get a Payment?** You must submit a timely and complete Claim Form **no later than [claims deadline]**. You may submit a Claim Form either electronically on the Settlement Website by visiting [insert hyperlink], or by printing and mailing in a paper Claim Form, copies of which are available for download at the Settlement Website. Your payment will come by check unless you elect to receive payment electronically by PayPal or Venmo. In kind relief will be provided by email with instruction access.

**What are My Other Options?** You may exclude yourself from the Class by sending a letter to the settlement administrator no later than [objection/exclusion deadline]. If you exclude yourself, you cannot get a settlement payment, but you keep any rights you may have to sue the Defendant over the legal issues in the lawsuit. You and/or your lawyer have the right to appear before the Court and/or object to the proposed settlement. Your written objection must be filed no later than [objection/exclusion deadline]. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at [www.bostonglobevppasettlement.com]. If you file a claim or do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims relating to the alleged disclosure of subscriber information to Facebook in this case against the Defendant will be released.

**Who Represents Me?** The Court has appointed lawyers Philip L. Fraietta, Joshua D. Arisohn, and Christopher R. Reilly of Bursor & Fisher, P.A. to represent the class. These attorneys are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at _____.m. on [date] in Courtroom 21 at the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210. At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award the Class Representative $5,000 from the Settlement Fund for his service in helping to bring and settle this case. Defendant has agreed to pay Class Counsel reasonable attorneys' fees in an amount to be determined by the Court. Class Counsel is entitled to seek no more than one-third of the Settlement Benefit, but the Court may award less than this amount.

**How Do I Get More Information?** For more information, including the full Notice, Claim Form and Settlement Agreement go to www.bostonglobevppasettlement.com, contact the settlement administrator at 1-___-___-____ or Boston Globe Privacy Settlement Administrator, [address], or call Class Counsel at 1-646-837-7150.

Boston Globe Privacy Settlement Administrator
c/o [Settlement Administrator]
PO Box 0000
City, ST 00000-0000

XXX

**EXHIBIT D**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**
*Ambrose v. Boston Globe Media Partners, LLC*, Case No. 1:22-cv-10195-RGS

**Our Records Indicate You Have Subscribed to the *Boston Globe* and May Be Entitled to a Payment From a Class Action Settlement.**

*A court authorized this notice.  You are <u>not</u> being sued.  This is <u>not</u> a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit against Boston Globe Media Partners, LLC. The class action lawsuit accuses Boston Globe Media Partners, LLC of disclosing its subscribers' personally identifiable information ("PII") to Facebook via the Facebook Tracking Pixel without consent in violation of the Video Privacy Protection Act (the "VPPA"). The VPPA defines PII to include information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider.  Defendant denies that it violated any law, but has agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

- You are included if you are a person in the United States who, from February 5, 2020, to and through the [Preliminary Approval Date], have or had a Facebook account, a digital subscription to the *Boston Globe*, or a home delivery subscription to the *Boston Globe* that includes digital access and who viewed videos on Boston Globe's website.

- Persons included in the Settlement will be eligible to receive a *pro rata* (meaning equal) portion of the Settlement Fund, which Class Counsel anticipates to be approximately $22-44. Persons included in the Settlement will also be eligible to receive in kind relief as an extension of any existing digital subscription to the *Boston Globe* enjoyed by you for a maximum of 7 days past its current expiration date for no additional payment.  The Settlement also requires Defendant to suspend operation of the Facebook Tracking Pixel on any pages on its website that both include video content and have a URL that substantially identifies the video content viewed, unless and until the VPPA is amended, repealed, or otherwise invalidated (including by judicial decision on the use of website pixel technology by the United States Supreme Court, any federal court of appeals, a U.S. federal district court in Massachusetts, or a Massachusetts state court of general jurisdiction), or until Defendant obtains VPPA-compliant consent for the disclosure of the video content viewed to Facebook.

- Read this notice carefully. Your legal rights are affected whether you act, or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY [DATE]** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF BY [DATE]** | You will receive no benefits, but you will retain any rights you currently have to sue the Defendant about the claims in this case. |
| **OBJECT BY [DATE]** | Write to the Court explaining why you don't like the Settlement. |

QUESTIONS? CALL 1-800-000-0000 TOLL FREE, OR VISIT WWW.BOSTONGLOBEVPPASETTLEMENT.COM

| GO TO THE HEARING BY [**DATE**] | Ask to speak in Court about your opinion of the Settlement. |
|---|---|
| DO NOTHING | You won't get a share of the Settlement benefits and will give up your rights to sue the Defendant about the claims in this case. |

Your rights and options—**and the deadlines to exercise them**—are explained in this Notice.

## BASIC INFORMATION

### 1.  Why was this Notice issued?

A Court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

The Honorable Richard G. Stearns, of the U.S. District Court for the District of Massachusetts, is overseeing this case. The case is called *Ambrose v. Boston Globe Media Partners LLC*, Case No. 1:22-cv-10195-RGS. The person who have sued is called the Plaintiff. The Defendant is Boston Globe Media Partners, LLC.

### 2. What is a class action?

In a class action, one or more people called the class representative (in this case, David Ambrose) sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all class members, except for those who exclude themselves from the Class.

### 3. What is this lawsuit about?

This lawsuit claims that Defendant violated the Video Privacy Protection Act, 18 U.S.C. § 2710, *et seq.* ("VPPA") by disclosing its subscribers' personally identifiable information ("PII") to Facebook via the Facebook Tracking Pixel without consent. The VPPA defines PII to include information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider. The Defendant denies that it violated any law. The Court has not determined who is right. Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

### 4. Why is there a Settlement?

The Court has not decided whether the Plaintiffs or the Defendant should win this case. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Class Members will get compensation sooner rather than, if at all, after the completion of a trial.

## WHO'S INCLUDED IN THE SETTLEMENT?

**5. How do I know if I am in the Settlement Class?**

The **Settlement Class** is defined as:

All persons in the United States who, from February 5, 2020, to and through the [Preliminary Approval Date], have or had a Facebook account, a digital subscription to the *Boston Globe*, or a home delivery subscription to the *Boston Globe* that includes digital access and who viewed videos on Boston Globe's website.

## THE SETTLEMENT BENEFITS

**6. What does the Settlement provide?**

*Monetary Relief*: Defendant has created a Settlement Fund totaling $4,000,000.00. Class Member payments, and the cost to administer the Settlement, the cost to inform people about the Settlement, attorneys' fees, and an award to the Class Representative will also come out of this fund (*see* Question 13).

*In Kind Relief*:  Defendant will also provide in kind relief of up to $1,000,000.00 as an extension of any existing digital subscription to the *Boston Globe* enjoyed by the Settlement Class Member for a maximum of 7 days past its current expiration date for no additional payment.

*Prospective Changes*:  In addition to this monetary relief, the Settlement also requires Defendant to suspend operation of the Facebook Tracking Pixel on any pages on its website that both include video content and have a URL that substantially identifies the video content viewed, unless and until the VPPA is amended, repealed, or otherwise invalidated (including by judicial decision on the use of website pixel technology by the United States Supreme Court, any federal court of appeals, a U.S. federal district court in Massachusetts, or a Massachusetts state court of general jurisdiction), or until Defendant obtains VPPA-compliant consent for the disclosure of the video content viewed to Facebook.

A detailed description of the settlement benefits can be found in the Settlement Agreement. [insert hyperlink]

**7. How much will my payment be?**

If you are member of the Settlement Class you may submit a Claim Form to receive a portion of the Settlement Fund. The amount of this payment will depend on how many of the Class Members file valid claims. Each Class Member who files a valid claim will receive a proportionate share of the Settlement Fund, which Class Counsel anticipates will be approximately $22-$44. You can contact Class Counsel at 1-646-837-7150 to inquire as to the number of claims filed.

Additionally, Settlement Class Members may also submit a claim to receive an extension of their existing digital subscription to the *Boston Globe*. Instructions for how to submit such a claim will be provided to eligible Settlement Class Members via Email.

**8. When will I get my payment?**

The hearing to consider the fairness of the settlement is scheduled for [Final Approval Hearing Date]. If the Court approves the settlement, eligible Class Members whose claims were approved by the Settlement Administrator will receive their payment 90 days after the Settlement has been finally approved and/or any appeals process is complete.  The payment will be made in the form of a check, unless you elect to receive payment by PayPal or Venmo, and all checks will expire and become void 180 days after they are issued.

## HOW TO GET BENEFITS

**9. How do I get a payment?**

If you are a Class Member and you want to get a payment, you **must** complete and submit a Claim Form by **[Claims Deadline]**. Claim Forms can be found and submitted by clicking <u>here</u> [hyperlink], or by printing and mailing a paper Claim Form, copies of which are available for download <u>here</u> [hyperlink].

We also encourage you to submit your claim on-line. Not only is it easier and more secure, but it is completely free and takes only minutes!

## REMAINING IN THE SETTLEMENT

**10. What am I giving up if I stay in the Class?**

If the Settlement becomes final, you will give up your right to sue Defendant for the claims this Settlement resolve. The Settlement Agreement describes the specific claims you are giving up against the Defendants. You will be "releasing" the Defendant and certain of its affiliates described in Section 1.25 of the Settlement Agreement.  Unless you exclude yourself (*see* Question 14), you are "releasing" the claims, regardless of whether you submit a claim or not.  The Settlement Agreement is available through the "court documents" link on the website.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully.  If you have any questions you can talk to the lawyers listed in Question 12 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

**11. What happens if I do nothing at all?**

If you do nothing, you won't get any benefits from this Settlement. But, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendants for the claims being resolved by this Settlement.

## THE LAWYERS REPRESENTING YOU

### 12. Do I have a lawyer in the case?

The Court has appointed Philip L. Fraietta, Joshua D. Arisohn, and Christopher R. Reilly of Bursor & Fisher, P.A. to be the attorneys representing the Settlement Class. They are called "Class Counsel." They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

### 13. How will the lawyers be paid?

Class Counsel's attorneys' fees, costs, and expenses will be paid from the Settlement Fund in an amount determined and awarded by the Court. Class Counsel is entitled to seek no more than one-third of the $5 million Settlement Benefit, but the Court may award less than this amount.

As approved by the Court, the Class Representative will be paid an Incentive Award from the Settlement Fund for helping to bring and settle the case. The Class Representative will seek no more than $5,000 as an incentive award, but the Court may award less than this amount.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 14. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must mail or otherwise deliver a letter (or request for exclusion) stating that you want to be excluded from the *Ambrose v. Boston Globe Media Partners, LLC*, Case No. 1:22-cv-10195-RGS settlement. Your letter or request for exclusion must also include your name, your address, your signature, the name and number of this case, and a statement that you wish to be excluded. You must mail or deliver your exclusion request no later than **[objection/exclusion deadline]** to:

Boston Globe Privacy Settlement
0000 Street
City, ST 00000

### 15. If I don't exclude myself, can I sue the Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue the Defendant for the claims being resolved by this Settlement.

**16. If I exclude myself, can I get anything from this Settlement?**

No. If you exclude yourself, do not submit a Claim Form to ask for benefits.

## OBJECTING TO THE SETTLEMENT

**17. How do I object to the Settlement?**

If you're a Class Member, you can object to the Settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it. The Court will consider your views.  To object, you must file with the Court a letter or brief stating that you object to the Settlement in *Ambrose v. Boston Globe Media Partners, LLC*, Case No. 1:22-cv-10195-RGS and identify all your reasons for your objections (including citations and supporting evidence) and attach any materials you rely on for your objections. Your letter or brief must also include your name, an explanation of the basis upon which you claim to be a Settlement Class Member, including information sufficient to identify your current Facebook page or a screenshot showing that you were a Facebook member during the class period, the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with your objection, and your signature. If you, or an attorney assisting you with your objection, have ever objected to any class action settlement where you or the objecting attorney has asked for or received payment in exchange for dismissal of the objection (or any related appeal) without modification to the settlement, you must include a statement in your objection identifying each such case by full case caption. You must also mail or deliver a copy of your letter or brief to Class Counsel and Defendant's Counsel listed below.

Class Counsel will file with the Court and post on this website its request for attorneys' fees by [two weeks prior to objection deadline].

If you want to appear and speak at the Final Approval Hearing to object to the Settlement, with or without a lawyer (explained below in answer to Question Number 21), you must say so in your letter or brief.  File the objection with the Court and mail a copy to these two different places postmarked no later than **[objection deadline].**

| Court | Class Counsel | Defendant's Counsel |
|---|---|---|
| The Hon Richard G. Stearns<br>John Joseph Moakley<br>U.S. Courthouse<br>1 Courthouse Way, Suite 2300 | Philip L. Fraietta<br>Bursor & Fisher PA<br>1330 Avenue of the Americas, 32nd Floor<br>New York, NY 10019 | Marc J. Zwillinger<br>ZwillGen PLLC<br>1900 M St NW<br>Suite 250<br>Washington, DC 20036 |

QUESTIONS? CALL 1-800-000-0000 TOLL FREE, OR VISIT WWW.BOSTONGLOBEVPPASETTLEMENT.COM

| Boston, MA 02210 | | |
|---|---|---|

**18. What's the difference between objecting and excluding myself from the Settlement?**

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself from the Class is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

**19. When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Final Approval Hearing at [time] on Month 00, 2023 in Courtroom 21 at the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Class; to consider the Class Counsel's request for attorneys' fees and expenses; and to consider the request for an incentive award to the Class Representative. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check [www.bostonglobevppasettlement.com] or call 1-646-837-7150. If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of such Final Approval Hearing.

**20. Do I have to come to the hearing?**

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

**21. May I speak at the hearing?**

Yes. You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include in your letter or brief objecting to the settlement a statement saying that it is your "Notice of Intent to Appear in *Ambrose v. Boston Globe Media Partners, LLC*, Case No. 1:22-cv-10195-RGS." It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you. Your objection and notice of intent to appear must be filed with the

Court and postmarked no later than **[objection deadline]**, and be sent to the addresses listed in Question 17.

## GETTING MORE INFORMATION

| 22. Where do I get more information? |
|---|

This Notice summarizes the Settlement.  More details are in the Settlement Agreement.  You can get a copy of the Settlement Agreement at www.bostonglobevppasettlement.com. You may also write with questions to Boston Globe Privacy Settlement, P.O. Box 0000, City, ST 00000. You can call the Settlement Administrator at 1-800-000-0000 or Class Counsel at 1-646-837-7150, if you have any questions. Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere on the case website.

**EXHIBIT E**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DAVID AMBROSE, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 1:22-cv-10195-RGS |
| v. | |
| BOSTON GLOBE MEDIA PARTNERS, LLC, | |
| Defendant. | |

## STIPULATION REGARDING UNDERTAKING RE: ATTORNEYS' FEES, COSTS, AND EXPENSES

Plaintiff David Ambrose ("Plaintiff") and Defendant Boston Globe Media Partners, LLC, ("Defendant") (collectively, "the Parties"), by and through and including their undersigned counsel, stipulate and agree as follows:

WHEREAS, Bursor & Fisher P.A. (the "Firm") desires to give an undertaking (the "Undertaking") for repayment of its share of the award of attorneys' fees, costs, and expenses approved by the Court, and

WHEREAS, the Defendant does not object to the Undertaking.

NOW, THEREFORE, Plaintiff's counsel, on behalf of himself as individual and as agent for his law firm, hereby submits himself and his law firm to the jurisdiction of the Court for the purpose of enforcing the provisions of this Undertaking.

Capitalized terms used herein without definition have the meanings given to them in the Settlement Agreement.

By receiving any payments pursuant to the Settlement Agreement, the Firm and its shareholders, members, and/or partners submit to the jurisdiction of the United States District

Court for the District of Massachusetts for the enforcement of and any and all disputes relating to or arising out of the reimbursement obligation set forth herein and the Settlement Agreement.

In the event that the Final Settlement Order and Judgment or any part of it is vacated, overturned, reversed, or rendered void as a result of an appeal, or the Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason, the Firm shall, within thirty (30) days repay to Defendant or Defendant's insurer, based upon written instructions provided by Defendant's Counsel,  the full amount of the attorneys' fees and costs paid to the Firm from the Settlement Fund, including any accrued interest.

In the event the Final Settlement Order and Judgment are upheld, but the attorneys' fees, costs, and expenses awarded by the Court or any part of them are vacated, modified, reversed, or rendered void as a result of an appeal, the Firm shall within thirty (30) days repay to the Settlement Fund, based upon written instructions provided by the Settlement Administrator, the attorneys' fees and costs paid to the Firm from the Settlement Fund in the amount vacated or modified, including any accrued interest.

This Undertaking and all obligations set forth herein shall expire upon finality of all direct appeals of the Final Settlement Order and Judgment.

In the event the Firm fails to repay to Defendant or to the Settlement Fund any of attorneys' fees and costs that are owed to either pursuant to this Undertaking, the Court shall, upon application of Defendant, and notice to the Firm, summarily issue orders, including but not limited to judgments and attachment orders against the Firm, and may make appropriate findings for sanctions for contempt of court.

The undersigned stipulate, warrant, and represent that he has both actual and apparent authority to enter into this stipulation, agreement, and undertaking on behalf of the Firm.

This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures by facsimile shall be as effective as original signatures.

The undersigned declare under penalty of perjury under the laws of the United States that they have read and understand the foregoing and that it is true and correct.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:

DATED: __May 24__, 2023          BURSOR & FISHER, P.A.

_____
By: Scott A. Bursor, on behalf of Bursor & Fisher, P.A.
Attorneys for Plaintiff David Ambrose and Class Counsel

DATED: __May 24__, 2023          ZWILLGEN PLLC

_____
By: Marc J. Zwillinger
Attorneys for Defendant Boston Globe Media Partners, LLC

3