UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID AMBROSE, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>  v.<br><br>BOSTON GLOBE MEDIA PARTNERS, LLC,<br><br>          Defendant. | Civil Action No. 1:22-cv-10195-RGS |

**[PROPOSED] FINAL JUDGMENT AND
ORDER OF DISMISSAL WITH PREJUDICE**

WHEREAS, a class action is pending before the Court entitled *Ambrose v. Boston Globe Media Partners, LLC*, No. 1:22-cv-10195-RGS; and

WHEREAS, Plaintiff David Ambrose and Defendant Boston Globe Media Partners, LLC have entered into a Class Action Settlement Agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendant upon the terms and conditions set forth therein (the "Settlement Agreement") (ECF No. 51); and

WHEREAS, on May 25, 2023, the Court granted Plaintiff's Motion for Preliminary Approval of Class Action Settlement, conditionally certifying a Class pursuant to Fed. R. Civ. P. 23(b)(3) of "all persons in the United States who, from February 5, 2020, to and through the Preliminary Approval date [May 25, 2023]: (1) have or had a Facebook account; (2) also had a digital subscription to the *Boston Globe*, or a home delivery subscription to the *Boston Globe* that includes digital access; and (3) who viewed videos on Boston Globe's website while their Facebook membership was active." (ECF No. 52 ¶ 9); and

WHEREAS, the Court has considered the Parties' Class Action Settlement Agreement

(ECF No. 51), as well as Plaintiff's Motion for Final Approval of the Settlement Agreement (ECF No. 62), Plaintiff's Motion for Attorneys' Fees, Costs, Expenses, And Incentive Award (ECF No. 55), together with all exhibits thereto, the arguments and authorities presented by the Parties and their counsel at the Final Approval Hearing held on September 7, 2023, and the record in the Action, and good cause appearing;

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1. Terms and phrases in this Final Judgment shall have the same meaning as ascribed to them in the Parties' Class Action Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class members.

3. The notice provided to the Settlement Class pursuant to the Settlement Agreement (ECF No. 51) and order granting Preliminary Approval (ECF No. 52) – including (i) direct notice to the Settlement Class via email and U.S. mail, based on the comprehensive subscriber list provided by Defendant, and (ii) the creation of the Settlement Website – fully complied with the requirements of Fed. R. Civ. P. 23 and due process, and was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing.

4. Seven individuals – listed in Attachment 7 to the August 24, 2023 Declaration of Cameron R. Azari, Esq. on Implementation and Adequacy of Notice Plan – have submitted timely requests for exclusion and are therefore excluded from the Settlement Class.

5. The Court finds that Defendant properly and timely notified the appropriate government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of

2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Defendant's notice, and finds that it complied with all applicable requirements of CAFA. Further, more than ninety (90) days have elapsed since Defendant provided notice pursuant to CAFA and the Final Approval Hearing.

6. This Court now gives final approval to the Settlement Agreement, and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, and in the best interests of the Settlement Class Members, considering the total value of their claims compared to (i) the disputed factual and legal circumstances of the Action, (ii) affirmative defenses asserted in the Action, and (iii) the potential risks and likelihood of success of pursuing litigation on the merits. The complex legal and factual posture of this case, the amount of discovery completed, and the fact that the Settlement is the result of arms'-length negotiations between the Parties support this finding. The Court finds that these facts, in addition to the Court's observations throughout the litigation, demonstrate that there was no collusion present in the reaching of the Settlement Agreement, implicit or otherwise.

7. The Court has specifically considered the factors relevant to class action settlement approval. *See* Fed. R. Civ. P. 23(e).

8. The Court finds that the Class Representative and Class Counsel adequately represented the Settlement Class for the purposes of litigating this matter and entering into and implementing the Settlement Agreement.

9. Accordingly, the Settlement is hereby finally approved in all respects.

10. The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Settlement Agreement is hereby incorporated into this Final Judgment in full and shall have the full force of an Order of this Court.

11. This Court hereby dismisses the Action, as identified in the Settlement Agreement, on the merits and with prejudice.

12. Upon the Effective Date of this Final Judgment, Plaintiff and each and every Settlement Class Member who did not opt out of the Settlement Class (whether or not such members submit claims), including such individuals' respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations ("Releasing Parties") shall be deemed to have released Defendant, as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations ("Released Parties") from any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra contractual claims, damages, punitive, exemplary

or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims," as defined in the Settlement Agreement), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the VPPA or other state, federal, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the alleged disclosure of the Settlement Class Members' personally identifiable information and video viewing behavior to any third party, including all claims that were brought or could have been brought in the Action relating to the disclosure of such information belonging to any and all Releasing Parties.

13. Upon the Effective Date of this Final Judgment, the above release of claims and the Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members and Releasing Parties. All Settlement Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of any of the Released Claims.

14. The Court has also considered Plaintiff's Motion For Attorneys' Fees, Costs, Expenses, And Incentive Award, as well as the supporting memorandum of law and declarations (ECF Nos. 55-60), and adjudges that the payment of attorneys' fees, costs, and expenses in the amount of $750,000 is reasonable. *See* ECF No. 61. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

15. The Court has also considered Plaintiff's Motion, memorandum of law, and

supporting declarations for an incentive award to the Class Representative, David Ambrose. *See* ECF No. 56 at 16-14. The Court adjudges that the payment of an incentive award in the amount of $5,000 to Mr. Ambrose to compensate him for his efforts and commitment on behalf of the Settlement Class, is fair, reasonable, and justified under the circumstances of this case. *See* ECF No. 61. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

16. All payments made to Settlement Class Members pursuant to the Settlement Agreement that are not cashed within one hundred and eighty (180) days of issuance shall revert to the Settlement Fund, to be distributed *pro rata* to claiming Settlement Class Members, if practicable. If such a secondary distribution would result in Settlement Class Members receiving less than $5.00, or if a secondary distribution would be otherwise infeasible, any uncashed funds will revert to the American Civil Liberties Union, which the Court approves as an appropriate *cy pres* recipient. Except as otherwise set forth in this Order, the Parties shall bear their own costs and attorneys' fees.

17. The Parties, without further approval from the Court, are hereby permitted to agree and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Judgment and do not limit the rights of Settlement Class Members.

18. Without affecting the finality of this Final Judgment for purposes of appeal, until the Effective Date the Court shall retain jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement.

19. This Court hereby directs entry of this Final Judgment pursuant to Federal Rule of

Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment.

IT IS SO ORDERED, this _____ day of _____, 2023.

                                                        _____
                                                        The Honorable Richard G. Stearns
                                                        United States District Judge