Kristijonas Lukas Bukauskas      \*      The Honorable Richard G. Stearns
Pavasario Str. 16     \*     United States District Court for the District of
Vilnius, LT-10309     \*     Massachusetts
Lithuania     \*     John Joseph Moakley U.S. Courthouse
kb@tsig.nl     \*     1 Courthouse Way Boston, MA 02210
+370 644 95295     \*

**RE: AMBROSE V. BOSTON GLOBE MEDIA PARTNERS, LLC, CASE NO. 1:22-CV-10195-RGS**

Your Honor,

I am writing to formally object to the proposed Settlement in the case of Ambrose v. Boston Globe Media Partners, LLC. I respectfully bring to the Court's attention the recent generation of the Settlement Class List by the Defendant and the subsequent direct notice issued by the Settlement Administrator, which both affirm their belief that I am a member of the Settlement Class, despite my residence outside the United States.

The present lawsuit claims that the Defendant violated the Video Privacy Protection Act, 18 U.S.C. § 2710, et seq. ("VPPA"), by disclosing its subscribers' personally identifiable information ("PII") to Facebook via the Facebook Tracking Pixel without obtaining proper consent. In accordance with the VPPA, PII includes information identifying a person as having requested or obtained specific video materials or services from a video tape service provider.

As a Class Member and a resident of Lithuania, I am profoundly concerned by the contradictory actions undertaken by the Defendant and the Settlement Administrator. Pursuant to Section 4.1 of the Settlement agreement, the Defendant was required to generate the Settlement Class List within fourteen (14) days of Preliminary Approval, which includes names and email addresses, and the last known U.S. mail addresses, to the extent available, belonging to individuals within the Settlement Class. The purpose of this list is to facilitate the direct notice to class members, as directed by the Settlement Administrator.

On July 24, 2023, I received the court-authorized notice at my Lithuanian address, indicating that both the Defendant and the Settlement Administrator firmly believed that I am a member of the Settlement Class, despite my residence outside the United States.

This evidence conclusively establishes that the Settlement Class List was generated to include individuals, regardless of their geographic location. As such, the condition of "All persons in the United States who" appears to be incongruent with the actions taken by both the Defendant and the Settlement Administrator.

It is my firm belief that the Settlement Agreement's Section 1.30 defining the "Settlement Class" as "all persons in the United States who..." could and should be amended to remove this condition. Boston Globe Media Partners, LLC, being a reputable news provider, extends its services to customers worldwide, including European countries, making it evident that the Settlement Class

should be inclusive of non-U.S. citizens who meet the specified criteria. Similarly, Facebook, a global platform, offers its services to users worldwide, including non-U.S. citizens, with previous cases acknowledging their legitimate interest in such litigations (Patel v. Facebook, Inc., 819 F. Supp. 2d 1155, 1158 (N.D. Cal. 2011)).

International principles of law affirm that access to justice and equal treatment before the law should be guaranteed to all individuals, irrespective of their citizenship or residence. The Universal Declaration of Human Rights, adopted by the United Nations General Assembly in 1948, proclaims that all human beings are born free and equal in dignity and rights. Furthermore, the International Covenant on Civil and Political Rights (ICCPR), to which the United States is a party, emphasizes that all individuals, including non-citizens, are entitled to equal protection under the law and should not be subject to discrimination based on nationality or any other status (ICCPR, Article 26).

In the European Union, the General Data Protection Regulation (GDPR) 2016/679 embodies the principle of data protection and privacy rights for all individuals, regardless of their location. The GDPR enshrines the principles of fairness, lawfulness, and transparency in processing personal data. Under Article 6(1)(a) of the GDPR, processing personal data is lawful only when the data subject has given consent for one or more specific purposes. This principle aligns with the VPPA's requirement for proper consent in the use of personal data.

In view of these international and EU principles, United States courts have acknowledged that non-U.S. citizens should not be excluded from class action settlements when their interests are affected. In Patel v. Facebook, Inc., 819 F. Supp. 2d 1155, 1158 (N.D. Cal. 2011), the court stated, "Non-U.S. citizen Facebook users have a legitimate interest in the outcome of this litigation since they too were affected by Facebook's alleged conduct." Similarly, in Murakowski v. Twitter, Inc., 2016 WL 6892833 (N.D. Cal. 2016), the court emphasized that "the location of users should not determine whether they can benefit from the class settlement," particularly in cases where the defendant's services have a global reach.

In light of this contradictory situation, I respectfully request the Court's permission to appear and speak at the Final Approval Hearing, scheduled for September 7, 2023. Considering my geographical location in Lithuania, I sincerely request the Court's consideration of my participation via remote means, such as video-conference, to present my objections effectively.

While I possess sufficient English language skills for conversational purposes, due to the legal context of the proceedings, I kindly request the Court's indulgence to facilitate the assistance of a translator fluent in Lithuanian (my native language) to ensure the accurate expression of my concerns, if possible.

I confirm that I will be representing myself in this matter and will not engage the services of an attorney.

Enclosed with this formal objection letter, I have provided evidence affirming my status as a class member, including information to identify my Facebook account during the class period, proof of having filled the claim form, and a copy of a governmentissued ID.

This letter also serves as my formal "Notice of Intent to Appear in Ambrose v. Boston Globe Media Partners, LLC, Case No. 1:22-cv-10195-RGS" for the Final Approval Hearing.

Thank you for your attention to this matter, and I await the Court's guidance regarding my request to participate remotely in the hearing.

Dated: August 11, 2023

Respectfully submitted,

Kristijonas Lukas Bukauskas

Enclosures:

1. Copy of Court Authorized Notice of Class Action and Proposed Settlement
2. Evidence of My Facebook Account During the Class period..
3. Proof of Filing the Claim Form.
4. Copy of Government Issued ID.